# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| VINCENT A. AMBROSETTI, INDIVIDUALLY AND AS TRUSTEE OF THE KING'S MINSTRELS CHARITABLE TRUST aka INTERNATIONAL LITURGY PUBLICATIONS, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| Plaintiff, | |
| v. | Case No. 3:19-cv-682 |
| OREGON CATHOLIC PRESS, BERNADETTE FARRELL, | |
| Defendants. | |

Donald J. Schmid
Law Offices of Donald J. Schmid
1251 N. Eddy St., Suite 200
South Bend, Indiana 46617
Tel. 574-993-2280
Email: schmid@donaldschmidlaw.com

Attorneys for Plaintiff
Vincent A. Ambrosetti,
Individually and As Trustee of
The King's Minstrels Charitable Trust
aka International Liturgy Publications

1

## NATURE OF THIS ACTION

1. This is an action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq. The plaintiff brings this action to put a stop to, and to obtain redress for, the defendants' infringement of the copyright in plaintiff's musical composition entitled "Emmanuel."

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

3. This Court has personal jurisdiction over the defendant Oregon Catholic Press ("OCP") because the defendant is doing business in the State of Indiana and in this judicial district, acts of infringement occurred in the State of Indiana and in this judicial district, and the defendant has caused injury to the plaintiff in the State of Indiana and in this judicial district.

4. This Court has personal jurisdiction over the defendant Bernadette Farrell because the defendant is doing business in the State of Indiana and this judicial district, acts of infringement occurred in the State of Indiana and in this judicial district, and the defendant has caused injury to the plaintiff in the State of Indiana and in this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a). Also, defendant Farrell is not resident in the United States and thus may be sued in any judicial district in the United States.

## THE PARTIES

5.  Plaintiff Vincent A. Ambrosetti ("Ambrosetti") is a musical artist and songwriter, and the author of the musical composition entitled "Emmanuel." Ambrosetti is the legal and beneficial owner of the copyright interest in and to that musical composition. Ambrosetti sues individually and also as a trustee of The King's Minstrels Charitable Trust aka International Liturgy Publications ("ILP"); ILP is also a copyright claimant in Emmanuel.

6.  Defendant OCP is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. OCP acquires and controls licenses to musical compositions, and sells and distributes music publications throughout the United States, including in the State of Indiana and in this judicial district. Upon information and belief, OCP purposely directs a substantial amount of music sales in this judicial district and does a substantial amount of business in this judicial district.

7.  Upon information and belief, defendant Bernadette Farrell is a citizen of the United Kingdom and resides in London, England. Farrell sells and distributes music works throughout the United States, including in the State of Indiana and in this judicial district

## PLAINTIFF'S COPYRIGHTED SONG

8.  Ambrosetti is the author and creator of the music and lyrics to the original musical composition entitled "Emmanuel." Ambrosetti owns the rights and title to the copyright in the composition "Emmanuel" as the author. International

Liturgy Publications (ILP) is a designated copyright claimant in the registration for "Emmanuel."

9. An application for copyright registration with the U.S. Copyright Office for the musical work "Emmanuel" (as part of the collection "I Will Sing") was made and a copyright registration for a collection including the work "Emmanuel" was obtained on April 1, 1991. That registration is number PA0000525379. ILP is listed as a copyright claimant on that registration. Ambrosetti is listed as the author.

10. Ambrosetti also filed an application for copyright registration with the U.S. Copyright Office for the musical work "Emmanuel" (individual work) on August 12, 2019. That additional individual title registration is in process.

11. "Emmanuel" was first published in 1980 in a book entitled "*Singing Holy*." This collection had 102 song titles and also featured a keyboard accompaniment, a guitar edition, and an accompanying set of audio cassettes. "Emmanuel" has been the top revenue producing musical composition of Ambrosetti and within the International Liturgy Publications musical catalogue.

12. Under the direction of Ambrosetti, "Emmanuel" was also recorded in 1985 with the National Philharmonic Orchestra of London and was performed publicly with orchestra and choir in a major liturgical music showcase at the National Association of Pastoral Music Annual Event in Cincinnati, Ohio as well as in subsequent major showcases at national conventions. "Emmanuel" was also published in 1985 in a collection of works entitled "I Will Sing."

13.     Pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106, the plaintiff, as owner of the copyright in Emmanuel, is the owner of the exclusive rights to reproduce that song, to distribute copies of that song, to prepare derivative works based upon that song, and to publicly perform that song.

## THE INFRINGEMENT

14.     Upon information and belief, musical composer Bernadette Farrell became familiar with the musical composition "Emmanuel" prior to 1993 and in approximately 1985 to 1989. Farrell thereafter and then composed the work "Christ Be Our Light," which was first published in 1993. In composing "Christ Be Our Light," Farrell copied the plaintiff's original and prior published work "Emmanuel."

15.     There is a striking similarity between the musical composition of the original work "Emmanuel" by Ambrosetti and the later copied and infringing work of "Christ Be Our Light" by Farrell. In "Christ Be Our Light," although Farrell made a slight change by adding time to one note, the first eight notes of "Christ Be Our Light" are precisely the same as in "Emmanuel:" the same notes, the same key, and the same time signature. In "Christ Be Our Light," Farrell omitted the ninth note that was present in "Emmanuel" but ended the phrase on exactly the same tenth note from "Emmanuel." The second phrase of notes in "Christ Be Our Light" is again almost identical to the second phrase of "Emmanuel." Further, the third phrase of "Christ Be Our Light" with its climbing melody is remarkably similar to the third phrase of "Emmanuel." The striking similarity and copying can be seen in the following excerpts from the musical scores of each of the works:

5





16.     Upon information and belief, OCP obtained the right from Farrell to sell, market, distribute, and license the infringing work "Christ Be Our Light." Since then, OCP has published, licensed and otherwise distributed, and has obtained substantial revenues from, the infringing work "Christ Be Our Light." OCP has continuously published, licensed, and distributed the infringing work "Christ Be Our Light" every year since 1993, and in particular throughout the last three years.  Moreover, OCP has marketed and distributed and continues in 2019 to market the infringing work Christ Be Our Light on its website.  See: https://www.ocp.org/en-us/songs/10415/christ-be-our-light    OCP through the publication, licensing, marketing, and distribution of the infringing work "Christ Be Our Light" has improperly and wrongfully obtained substantial revenues and profits.  Upon information and belief, the infringing work "Christ Be Our Light" is one of OCP's top revenue and profit producing titles in OCP's music catalogue.

6

17. The defendants never sought or obtained permission from the plaintiff to use "Emmanuel" in creating, reproducing, recording, licensing, distributing, selling, broadcasting, or publicly performing Christ Be Our Light. The plaintiff never gave the defendants permission, consent, or a license to use "Emmanuel" for the creation of any derivative work based on "Emmanuel."

18. The defendants have licensed, copied, sold, performed, broadcast, and otherwise commercially exploited and profited from the infringing "Christ Be Our Light" in numerous ways, included but not limited to the following:

   a. Selling "Christ Be Our Light" to the public on numerous websites and through retail, as an individual title and within numerous compilations;

   b. Duplicating and uploading the digital version of "Christ Be Our Light" for purchase by consumers;

   c. Licensing the composition and/or publishing rights to others for their exploitation.

19. In addition, defendant Farrell and defendant OCP publicly performed the infringing "Christ Be Our Light" in numerous settings since 1993 without permission from the plaintiff.

20. The defendants' actions, as alleged above, constitute infringement of the plaintiff's copyright. Among other things, the defendants' actions violate the plaintiff's exclusive rights in "Emmanuel" under Section 106 of the Copyright Act, 17 U.S.C. § 106.

21. The defendants have already infringed the plaintiff's copyright and caused damage and irreparable harm through their unauthorized copying, distribution, marketing, and public performance of the infringing song.

22. Prior to filing this lawsuit in August of 2019, the plaintiff gave written notice of the infringement to the defendants or their representatives. The defendants have continued to infringe the copyright in "Emmanuel" after receipt of such written notice of infringement.

**FIRST CLAIM FOR RELIEF**
(Copyright Infringement in violation of the
Copyright Act of the United States, 17 U.S.C. § 101 et seq.)

23. The Plaintiff incorporates paragraphs 1 through 22 above.

24. Through its conduct, OCP and Farrell infringed plaintiff's copyright in "Emmanuel" in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

25. The defendants' acts of infringement are willful, intentional, and purposeful, and are in disregard of and done with indifference to the plaintiff's rights.

26. As a direct and proximate result of said infringement by the defendant, the plaintiff is entitled to damages in an amount to be proved at trial.

27. The plaintiff is also entitled to the defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

28. The plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

29. As a direct and proximate result of the foregoing acts and conduct, the plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. The plaintiff is informed and believes and on that basis alleges that, unless enjoined and restrained by this Court, the defendants will continue to infringe the plaintiff's rights in "Emmanuel." The plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin the defendant's continuing infringing conduct. 17 U.S.C. § 502

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for relief as follows:

1. For an award of monetary damages sufficient to compensate the plaintiff for the injuries suffered as a result of the defendants' infringement and wrongful conduct, as permitted by law.

2. For award of the defendants' profits and unjust enrichment realized from their infringement and other wrongful conduct including an accounting of, and the imposition of a constructive trust with respect to, the defendants' profits attributable to their infringement of the plaintiff's copyright in "Emmanuel."

3. For a preliminary and permanent injunction prohibiting the defendants and their respective agents, servants, employees, officers, successors, affiliates, licensees and assigns, and all persons acting in concert or participation with each or any of them, from as follows:

   a. copying, distributing, marketing, publicly displaying, or otherwise making any use of "Emmanuel" or "Christ Be Our Light;" and

   b. continuing to infringe the plaintiff's copyright in "Emmanuel," and specifically are prohibited from recording, licensing, marketing, or distributing "Christ Be Our Light."

 4. For prejudgment interest according to law.

 5. For the plaintiff's attorneys' fees, costs, and disbursements in connection with this action.

 6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury of all issues so triable.

Dated: August 27, 2019

        Respectfully submitted,

        /s/ *Donald J. Schmid*
        _____
        Donald J. Schmid
        Attorney for Plaintiff

        Law Offices of Donald J. Schmid
        1251 N. Eddy St., Suite 200
        South Bend, IN 46617
        Tel. 574-993-2280
        Email: schmid@donaldschmidlaw.com