UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | | |
|---|---|---|
| VINCENT A. AMBROSETTI, | ) | |
| INDIVIDUALLY AND AS TRUSTEE OF | ) | |
| THE KING'S MINSTRELS CHARITABLE | ) | |
| TRUST aka INTERNATIONAL LITURGY | ) | |
| PUBLICATIONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-682 JD-MGG |
| | ) | |
| OREGON CATHOLIC PRESS, | ) | |
| BERNADETTE FARRELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION
FROM DEFENDANTS AND FOR AN AWARD OF SANCTIONS**

Comes now plaintiff Vincent A. Ambrosetti ("Ambrosetti"), individually and

also as a trustee of The King's Minstrels Charitable Trust aka International Liturgy

Publications ("ILP"), by and through his counsel, Donald J. Schmid, to move this

court for an order compelling the defendants to produce documents pursuant to

Rule 34 and for an award of sanctions pursuant to Rule 37 because defendants have

unilaterally refused to produce documents in this action.

1

## Background

This is a case for copyright infringement of a song.  The complaint (DE 1) alleges that plaintiff Vincent A. Ambrosetti is the author of the original musical composition "Emmanuel" and is the legal and beneficial owner of the copyright in that work.  (Complaint, ¶¶ 5, 8.)  That work was registered with the United States Copyright Office in April 1991.  (Id. at ¶ 9.)  Bernadette Farrell copied "Emmanuel" when she wrote "Christ Be Our Light," first published in 1993.  (Id. at ¶ 14.)  There is a striking similarity between the musical composition of the original work "Emmanuel" by Ambrosetti and the later copied and infringing work of "Christ Be Our Light" by Farrell.  (Id. at ¶ 15.)  Defendant Oregon Catholic Press (OCP) has infringed "Emmanuel" by publishing, licensing, and distributing the infringing work "Christ Be Our Light" every year since 1993 and continues to do so, including on its website.  (Id at ¶ 16.)  Both OCP and Farrell have commercially exploited and profited from their exploitation the infringing work. (Id at ¶¶ 18 -19.)  Plaintiff gave notice of the infringement in early August 2019 to defendants but defendants continued their infringement actions even after this written notice was given.   (Id at ¶ 22.)

## Introduction

On August 27, 2019, plaintiff filed a civil complaint in this Court alleging copyright infringement.  (DE 1.)  The defendants moved to dismiss the complaint on the ground that the infringed work was not registered with the U.S. Copyright Office.  (DE 7, 8.)  The plaintiff filed an opposition on September 19, 2019 stating that the infringed work *was* registered with the U.S Copyright Office in 1991 as

part of a compilation work. (DE 1, ¶ 9, DE 11.) On March 22, 2020, the plaintiff also filed a supplement to its opposition informing the court that the U.S. Copyright Office also issued a registration for the infringed work as an individual work. (DE 17.) The motion to dismiss remains pending and has not been decided by the district court.

One week after plaintiff filed the instant copyright infringement action in this court, OCP filed a duplicative declaratory judgment action in the Oregon federal court alleging that "Christ Be Our Light" by Farrell is not substantially similar to "Emmanuel" and that the publication of "Christ Be Our Light" has not infringed and is not infringing the copyright in "Emmanuel" ("the Oregon action"). The two lawsuits are based on the same facts and the identical infringement claim. Indeed, the complaint in the later-filed Oregon action explicitly referred to the Indiana action and complaint to establish a "justiciable controversy" underlying the request for declaratory judgment. (See Case 3:19-cv-01397-AC, Complaint, Dkt. No. 1 at ¶¶ 7-10, and DE 14.) Under the "first-to-file" rule, the Oregon declaratory judgment action was stayed pursuant to a stipulation of the parties on November 8, 2019. (OR DE 14.)

In early February 2019, the parties agreed to exchange initial disclosures pursuant to Rule 26(a) by February 28, 2020 in this Indiana action 3:19-cv-682 JD. The parties exchanged initial disclosures on February 28, 2020. Plaintiff as part of its initial disclosures produced to defendants' counsel actual copies of documents as part of its initial disclosures. Defendants for their part produced no documents or

records as part of their initial disclosures pursuant to Rule 26(a) and only instead

listed three general and vague categories of documents:

> 1) Documents related to the marketing and sales of Defendants' song "Christ
> Be Our light." Located at Defendants' counsel's office.
> 2) Documents related to the federal registration of both Defendant and
> Plaintiff's songs "Christ Be Our Light" and "Emmanuel" respectively.
> 3) Documents related to the past, present, and future use of Defendants'
> musical composition in commerce. Located at Defendants' counsel's
> office.

(Defendants' Rule 26(a) Initial Disclosures, Exhibit 1 to the Declaration of Donald J.

Schmid.)

Counsel for plaintiff asked for specific documents/records to be turned over

pursuant to Rule 26(a).  Counsel for defendants refused, and stated that defendants

would respond instead to plaintiff's first request for production of documents.  (See

Duboff email dated March 2, 2020, attached as Exhibit 2  to the Schmid Decl.)

On February 28, 2020, along with their initial disclosures, both parties

served a first request for production of documents in this action 3:19-cv-682 JD.

Both sides then served responses to the first request for production of documents on

March 30, 2020.  In defendants' responses to plaintiff's first request for production

of documents, defendants agreed to turn over specific records that were requested

by plaintiff's first request for documents – once a protective order was filed with the

court.  Counsel for plaintiff asked counsel for defendants in April 2020 for a

proposed draft of a protective order.  Counsel for defendants refused to provide a

draft of a proposed protective order even though counsel for plaintiff made several

requests for the same in the first half of April 2020.  (See Schmid Decl., ¶ ¶ 5-6.)

Then, counsel for the defendants asserted (in connection with the filing of a status report in the Oregon action) that counsel for plaintiff had agreed that the discovery in this Indiana action 3:19-cv-682 JD could also be used in the Oregon action if the stay was ever lifted in the Oregon action. This was not true. There was no such agreement. (See Schmid Decl., ¶ 7.)

Indeed, in defendants' responses to plaintiff's first request for production of documents, in paragraph 1, defendants stated explicitly: "These responses are made solely for the purpose of this action and not for any other purpose or for any other action."

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | | |
|---|---|---|
| VINCENT A. AMBROSETTI, INDIVIDUALLY AND AS TRUSTEE OF THE KING'S MINISTRELS CHARITABLE TRUST aka INTERNATIONAL LITURGY PUBLICATIONS,<br><br>Plaintiff,<br><br>v.<br><br>OREGON CATHOLIC PRESS, BERNADETTE FARRELL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:19-cv-682 JD |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS**

Defendants Oregon Catholic Press and Bernadette Farrell (collectively, "Defendants") hereby respond to Plaintiffs Vincent Ambrosetti, individually and as trustee of The King's Ministrels Charitable Trust aka International Liturgy Publications (collectively, "Plaintiffs") First Set of Requests for Documents as follows:

**Responses and Objections Common to All Requests**

1. These responses are made solely for the purpose of this action and not for any other purpose or for any other action.

(Defendants' Responses to Plaintiff's First Request for Documents, p. 1 (erroneously denominated p. 10), Exhibit 3.)

Thereafter, counsel for plaintiff requested several times in April 2020 including on April 7, 2020 that defendants produce to the plaintiff the documents called for by plaintiff's first request for production of documents and that defendants had stated in their responses that they would produce. (See Schmid Decl., ¶ 9.) Counsel for defendant stated that defendants would not produce the documents called for while the motion to dismiss pended in the Indiana action 3:19-cv-682 JD. (See Exhibit 5, L. Duboff email dated April 8, 2020: "the defendants' discovery has been suspended, until the motion to dismiss in Indiana is resolved").

Counsel for plaintiff then wrote to defendants' counsel and stated: "Defendants OCP and Farrell have no right to unilaterally suspend the fulfillment of their discovery obligations, including the production of documents that are obviously relevant, particularly while simultaneously propounding additional discovery requests to plaintiff Ambrosetti. Let this email constitute a formal request to meet and confer pursuant to local rule 37-1 and Fed.R.Civ.P. 37 regarding the defendants' failure to produce the documents demanded/requested in and by plaintiff Ambrosetti's first request for production of documents." (Schmid email dated April 8, 2020, Exhibit .)

A "meet and confer" conference was held by telephone on April 14, 2020. But no agreement or resolution of the discovery dispute was reached. (Schmid Decl. ¶ 11.)Counsel for the defendants continued to refuse to produce from defendants the documents called for by plaintiff's first request for production of documents.

Counsel for the defendants requested that plaintiff agree to a stay of discovery in the in the Indiana action 3:19-cv-682 JD; counsel for plaintiff declined to agree to a stay of discovery.

## Argument

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). See *EEOC v. Fair Oaks Dairy Farms, LLC*, No. 2:11 cv 265, 2012 U.S. Dist. LEXIS 107613, at *9 (N.D. Ind. Aug. 1, 2012). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).

"According to Rule 37(a)(3)(B), a motion to compel may be granted if a party 'fails to produce documents . . . as requested under Rule 34,' which governs requests for production of documents." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-TLS-SLC, 2019 U.S. Dist. LEXIS 47539, at *18 (N.D. Ind. Mar. 21, 2019). See also *Logan v. Gary Cmty. Sch. Corp.*, No. 2:07-CV-431-JVB-PRC, 2008 U.S. Dist. LEXIS 95761, at *3 (N.D. Ind. Nov. 21, 2008). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 U.S. Dist. LEXIS 40761, 2009 WL

1325103, *8 (N.D. Ind. May 13, 2009).   See also *McGrath v. Everest Nat. Ins. Co.*,

625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).

The requests for documents set out in plaintiff's first request for documents

in this case are very basic and call for obviously relevant documents or documents

that will lead to the discovery of admissible evidence.   For example, requests nos. 1

and 2 requested (set out below with defendants' responses):

REQUEST FOR PRODUCTION NO. 1.

All documents that evidence, refer, or relate to when "Christ Be Our Light"
by Bernadette Farrell was composed, including but not limited to the original
manuscript of "Christ Be Our Light" and all drafts of the music or lyrics of
"Christ Be Our Light."

RESPONSE: Object. Overly broad, unduly burdensome, not calculated to lead
to the discovery of admissible evidence, and not limited in time.
Notwithstanding this objection, the Defendants will produce whatever non-
privileged documents are in their custody or control, provided an appropriate
protective order has been agreed to and is filed with the court.

REQUEST FOR PRODUCTION NO. 2.

All documents that evidence, refer, or relate to the inspiration or source for
"Christ Be Our Light" by Bernadette Farrell.

RESPONSE: Object. Overly broad, unduly burdensome, not calculated to lead
to the discovery of admissible evidence, and not limited in time.
Notwithstanding this objection, the Defendants will produce whatever non-
privileged documents are in their custody or control, provided an appropriate
protective order has been agreed to and is filed with the court.

Further, requests nos. 6 through 8 and 13 asked for basic damages

documents (set out with defendants' responses):

REQUEST FOR PRODUCTION NO. 6.

All documents that evidence, refer, or relate to any royalties paid to
defendants or each of them for "Christ Be Our Light" by Bernadette Farrell.

RESPONSE: Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

REQUEST FOR PRODUCTION NO. 7.

All documents that evidence, refer, or relate to any royalty(ies) accountings for "Christ Be Our Light" by Bernadette Farrell.

RESPONSE: Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

REQUEST FOR PRODUCTION NO. 8.

All documents that evidence, refer, or relate to any monies paid to defendants or each of them for the use, publication, licensing, or performance of "Christ Be Our Light" by Bernadette Farrell.

RESPONSE: Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

\*\*\*

REQUEST FOR PRODUCTION NO. 13.

All documents that evidence, refer, or relate to gross revenues received by defendants and each of them for the use, publication, licensing, or performance of "Christ Be Our Light" by Bernadette Farrell for the period February 16, 2017 through the date of this request.

RESPONSE: Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

The defendants agreed to produce the documents called for in requests nos. 1

through 19 of the plaintiff's first request for production of documents.  The only

documents produced to date were those called for in request no. 19 – defendants

produced several lists of publications that contained the infringing work "Christ Be

Our Light." The defendants' production pursuant to request no. 19 was not even

itself complete. More important, the defendants have not produced *any* of the

documents or records called for pursuant to requests 1 through 18, and now are

refusing to do so.

The ostensible reason defendants are refusing to produce any documents

pursuant to requests nos. 1 through 18 is that the defendants' motion to dismiss

(from September 2019) is still pending. This stated reason is neither genuine nor

valid. First, if discovery should have been appropriately stayed because the motion

to dismiss was pending, then why did defendants themselves propound their first

document request on February 28, 2020, their second request for documents on

April 1, 2020, and their first request for admissions on April 2, 2020? It makes no

sense. Defendants are simultaneously propounding new discovery requests to

plaintiff while refusing to produce to the plaintiff the basic and obviously relevant

documents that they are obligated to produce in this case – and said in their written

responses dated March 30, 2020 that they *would* produce.

Second, the fact that a motion to dismiss is pending is not a justification for a

party to unilaterally suspend its obligation to comply with basic and legitimate

discovery requests. Discovery is not stayed just because a defendant has filed a

motion to dismiss. See, e.g., *EEOC v. Fair Oaks Dairy Farms, LLC*, 2012 U.S. Dist.

LEXIS 107613, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012) ("[defendant] is not

entitled to have discovery stayed solely because it filed a motion to dismiss");

O'Conner v. Eden Mgmt. LLC, No. 13 C 7391, 2014 U.S. Dist. LEXIS 156141, at *6

(N.D. Ill. Nov. 4, 2014).  Numerous courts have held that "discovery should not be

routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong*

*Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y.

2013) (quoting *Moran v. Flaherty*, 1992 U.S. Dist. LEXIS 14568, 1992 WL 276913,

at *1 (S.D.N.Y. Sept. 25, 1992)).  See also *Barker v. Kapsch TrafficCom USA, Inc.*,

No. 1:19-cv-00987-TWP-MJD, 2019 U.S. Dist. LEXIS 102095, at *3 (S.D. Ind. June

18, 2019) (a motion to dismiss does not automatically stay discovery; stay request

denied).[1]

Third, the parties had no agreement that the discovery propounded and

responded to in the Indiana action could also be used in the Oregon action.  The

second in time Oregon action was improperly filed.[2]  The proof of this is in the

parties' emails and also in the defendants' own response to plaintiff's first request

---

[1]     A stay of discovery based on the pendency of the motion to dismiss here would not be appropriate.  That motion to dismiss argues that only that the copyright registration for the infringed work "Emmanuel" from 1991 (as part of a compilation work) is not sufficient to meet the procedural prerequisite for copyright registration.  17 U. S. C. § 411(a); *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).  That argument is wrong. (See DE 11.)  But even if it were correct, plaintiff now has an additional individual copyright registration for the infringed work "Emmanuel."  (See DE 17.)

[2]     "Under this first to file rule an action is normally dismissed, stayed or transferred 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Trafficcast, Inc. v. Pritchard*, No. 05-C-557-S, 2005 U.S. Dist. LEXIS 27187, at *3-4 (W.D. Wis. Nov. 7, 2005) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citations omitted)).  Generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* (citing *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D.Ill. 1983)).

for production of documents, which stated explicitly that "[defendants'] responses are made solely for the purpose of this action and not for any other purpose or for any other action." In any event, there is no obligation on the part of a plaintiff to agree that discovery in one action can also be used in another action (an improperly filed one at that) in order to obtain discovery from the defendants.

## Conclusion

In summary, the defendants' refusal to produce the documents called for by plaintiff's first request for documents – documents that said they would produce in their response – is frivolous. Defendants cannot unilaterally suspend their obligations to comply with legitimate and basic discovery requests (and initial disclosure obligations). The plaintiff asks the Court to grant this motion to compel, order the defendants to produce the documents requested in plaintiff's first request for documents forthwith, and to award reasonable attorneys' fees to plaintiff for having to bring this motion to compel.

"Where any party acts inappropriately and causes his opponent to incur needless costs to secure compliance with discovery obligations, Rule 37 provides a remedy and should not receive a grudging application." *Fudali v. Napolitano*, 283 F.R.D. 400, 404 (N.D. Ill. 2012). In *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994), Judge Easterbrook said: "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or

third parties) without regard to the merits of the claims." (Parenthesis in original).

See also *Sambrano v. Mabus*, 663 F.3d 879, 881-882 (7th Cir. 2011); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983) ("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district court'").

Dated: April 17, 2020

Respectfully submitted,

/s/  *Donald J. Schmid*

_____

Donald J. Schmid

Attorney for Plaintiff Vincent A. Ambrosetti, individually and also as a trustee of The King's Minstrels Charitable Trust aka International Liturgy Publications (ILP)

Law Offices of Donald J. Schmid
1251 N. Eddy Street, Suite 200
South Bend, IN 46617
Tel. 574-993-2280
Email: schmid@donaldschmidlaw.com

## Appendix

*Index of Exhibits*

1.      Defendants' Rule 26(a) Initial Disclosures in Case No. 3:19-cv-682 JD-MGG

2.      Counsel for defendants L Duboff's email dated March 2, 2020

3.      Defendants' responses to plaintiff's first request for production of documents

dated March 30, 2020

4.      Two emails dated February 27, 2020 between counsel Mr. Schmid and L.

Duboff

5.      Counsel for defendants L Duboff email dated April 8, 2020

6.      Counsel for plaintiff Mr. Schmid's email dated April 8, 2020

## Declaration of Donald J. Schmid

I, Donald J. Schmid, hereby declare:

1.      I am a resident of the State of Indiana.  I am an attorney licensed to practice in Indiana and California.  I have been admitted *pro hac vice* in *Oregon Catholic Press v. Ambrosetti*, case no. 3:19-cv-01397-AC.

2.      On August 27, 2019, plaintiff Vincent A. Ambrosetti, Individually and As Trustee of The King's Minstrels Charitable Trust aka International Liturgy Publications filed a copyright infringement action alleging that defendants Oregon Catholic Press and Bernadette Farrell infringed his work "Emmanuel" by the publication of a song entitled "Christ Be Our Light."  The complaint alleges that there was a striking similarity between the musical composition of the original work "Emmanuel" by Ambrosetti and the later infringing work of "Christ Be Our Light" by Farrell.  That lawsuit was filed in the United States District Court, Northern District of Indiana under case no. 3:19-cv-00682-JD-MGG.

3.      One week after plaintiff filed the instant copyright infringement action in this Indiana federal court, OCP filed a duplicative declaratory judgment action in the Oregon federal court alleging that "Christ Be Our Light" by Farrell is not substantially similar to "Emmanuel" and that the publication of "Christ Be Our Light" has not infringed and is not infringing the copyright in "Emmanuel" ("the Oregon action").  The two lawsuits are based on the same facts and the identical infringement claim.  Indeed, the complaint in the later-filed Oregon action explicitly referred to the Indiana action and complaint to establish a "justiciable controversy" underlying the request for declaratory judgment.  (See Case 3:19-cv-01397-AC,

15

Complaint, Dkt. No. 1 at ¶¶ 7-10, and DE 14.)  Under the "first-to-file" rule, the

Oregon declaratory judgment action was stayed pursuant to a stipulation of the

parties on November 8, 2019.  (OR DE 14.)

4.     In early February 2019, the parties agreed to exchange initial

disclosures pursuant to Rule 26(a) by February 28, 2020 in this Indiana action 3:19-

cv-682 JD.  The parties exchanged initial disclosures on February 28, 2020.

Plaintiff as part of its initial disclosures produced to defendants' counsel actual

copies of documents as part of its initial disclosures.  Defendants for their part

produced no documents or records as part of their initial disclosures pursuant to

Rule 26(a) and only instead listed three general and vague categories of documents:

> 1) Documents related to the marketing and sales of Defendants' song "Christ Be Our light." Located at Defendants' counsel's office.
> 2) Documents related to the federal registration of both Defendant and Plaintiff's songs "Christ Be Our Light" and "Emmanuel" respectively.
> 3) Documents related to the past, present, and future use of Defendants' musical composition in commerce. Located at Defendants' counsel's office.

A true and correct copy of Defendants' Rule 26(a) Initial Disclosures is attached

hereto as **Exhibit 1**.

5.     Counsel for plaintiff asked for specific documents/records to be turned

over pursuant to Rule 26(a).  Counsel for defendants refused, and stated that

defendants would respond instead to plaintiff's first request for production of

documents.  A true and correct copy of counsel for defendants' email dated March 2,

2020 is attached hereto as **Exhibit 2**.

6.     On February 28, 2020, along with their initial disclosures, both parties

served a first request for production of documents in this action 3:19-cv-682 JD.

Both sides then served responses to the first request for production of documents on March 30, 2020.  In defendants' responses to plaintiff's first request for production of documents, defendants agreed to turn over specific records that were requested by plaintiff's first request for documents – once a protective order was filed with the court.  A true and correct copy of defendants' responses to plaintiff's first request for production of documents dated March 30, 2020 is attached hereto as **Exhibit 3**.  Counsel for plaintiff asked counsel for defendants in April 2020 for a proposed draft of a protective order.  Counsel for defendants refused to provide a draft of a proposed protective order even though counsel for plaintiff made several requests for the same in the first half of April 2020.

7.      Then, counsel for the defendants asserted (in connection with the filing of a status report in the Oregon action) that counsel for plaintiff had agreed that the discovery in this Indiana action 3:19-cv-682 JD could also be used in the Oregon action if the stay was ever lifted in the Oregon action.  This was not true.  There was no such agreement.  A true and correct copy of the two emails attached hereto as **Exhibit 4** dated February 27, 2020 between counsel sets out the only agreement counsel had, and this was regarding initial disclosures.

8.      In defendants' responses to plaintiff's first request for production of documents, in paragraph 1, defendants stated explicitly: "These responses are made solely for the purpose of this action and not for any other purpose or for any other action."  (Defendants' Responses to Plaintiff's First Request for Documents, p. 1 (erroneously denominated p. 10)., Exhibit 4.)

9.      Thereafter, counsel for plaintiff requested several times in April 2020 including on April 7, 2020 that defendants produce to the plaintiff the documents called for by plaintiff's first request for production of documents and that defendants had stated in their responses that they would produce.  Counsel for defendant stated that defendants would not produce the documents called for while the motion to dismiss pended in the Indiana action 3:19-cv-682 JD.  A true and correct copy of counsel for defendants' email dated April 8, 2020 is attached hereto as **Exhibit 5.**  That email stated: "the defendants' discovery has been suspended, until the motion to dismiss in Indiana is resolved."

10.      Counsel for plaintiff then wrote to defendants' counsel and stated: "Defendants OCP and Farrell have no right to unilaterally suspend the fulfillment of their discovery obligations, including the production of documents that are obviously relevant, particularly while simultaneously propounding additional discovery requests to plaintiff Ambrosetti.  Let this email constitute a formal request to meet and confer pursuant to local rule 37-1 and Fed.R.Civ.P. 37 regarding the defendants' failure to produce the documents demanded/requested in and by plaintiff Ambrosetti's first request for production of documents."   A true and correct copy of counsel for plaintiff Mr. Schmid's email to Mr. Duboff dated April 8, 2020 is attached hereto as **Exhibit 6**.

11.      A "meet and confer" conference was held by telephone on April 14, 2020.  There were also emails exchanged regarding the matter.  But no agreement or resolution of the discovery dispute was reached.  Counsel for the defendants continued to refuse to produce from defendants the documents called for by

18

plaintiff's first request for production of documents.  As part of this exchange,
counsel for the defendants requested that plaintiff agree to a stay of discovery in the
in the Indiana action 3:19-cv-682 JD; counsel for plaintiff declined to agree to a stay
of discovery.

I declare under penalties of perjury under the laws of the United States that
the foregoing statements are true and correct to the best of my knowledge and
belief, and that this declaration was executed on April 17, 2020.


/s/  *Donald J. Schmid*
Donald J. Schmid