UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| VINCENT A. AMBROSETTI, INDIVIDUALLY AND AS TRUSTEE OF THE KING'S MINSTRELS CHARITABLE TRUST aka INTERNATIONAL LITURGY PUBLICATIONS,<br><br>Plaintiff,<br><br>v.<br><br>OREGON CATHOLIC PRESS, BERNADETTE FARRELL,<br><br>Defendants. | Case No. 3:19-cv-682 JD |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS**

Defendants Oregon Catholic Press and Bernadette Farrell (collectively, "Defendants") hereby respond to Plaintiffs Vincent Ambrosetti, individually and as trustee of The King's Ministrels Charitable Trust aka International Liturgy Publications (collectively, "Plaintiffs") First Set of Requests for Documents as follows:

**Responses and Objections Common to All Requests**

1. These responses are made solely for the purpose of this action and not for any other purpose or for any other action.

2. Defendants have not completed their investigation of the facts relating to this case, have not completed discovery in this action and have not completed preparation for trial, therefore,

Defendants reserve the right to supplement this response and produce additional documents and to assert additional objections.

3. In addition to the specific objections set forth herein, Defendants will produce documents subject to, without intending to waive, and expressly preserving (a) any objection to competency, relevancy, materiality, privilege and admissibility of any of the documents and (b) the right to object to other discovery procedures involving and relating to the subject matter of the documents produced.

4. Defendants object to and will not produce any attorney/client privileged materials.

5. Defendants object to and will not produce any trial preparation or work product privileged materials.

6. To the extent that Plaintiff's Requests for Production is more in the nature of a disguised interrogatory, or seeks legal conclusions, or invades the trial preparation or work product privileges, Defendants object to the request.

7. Defendants object to producing documents not in their possession, custody or control, and Defendants will not seek production of documents from other persons or entities.

8. Defendants object to Plaintiff's specified time, place, and manner of production. Defendants will produce documents, if any, in a time, place, and manner mutually agreeable to counsel and that does not pose an undue burden on Defendants.

9. Defendants object to Plaintiff's Requests for Documents to the extent they call for the production or identification of documents and things containing confidential, proprietary, or commercially sensitive information or trade secrets and like matters that are protected from discovery or, if disclosure is required, require disclosure before the entry of an appropriate protective order.

10.     Defendants object to any definition and instruction that requests a response beyond the scope of what is required by FRCP 26 and 34 or which expands the meaning of FRCP 26 and 34 terms.

REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

All documents that evidence, refer, or relate to when "Christ Be Our Light" by Bernadette Farrell was composed, including but not limited to the original manuscript of "Christ Be Our Light" and all drafts of the music or lyrics of "Christ Be Our Light."

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 2.**

All documents that evidence, refer, or relate to the inspiration or source for "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 3.**

All documents that evidence, refer, or relate to any agreement between defendant OCP and defendant Farrell regarding in any way "Christ Be Our Light" by Bernadette Farrell, including

12

but not limited to any assignment agreements for, or agreements with respect to the administration of the copyright of, "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 4.**

All documents that evidence, refer, or relate to the first publication of "Christ Be Our Light" by Bernadette Farrell including but not limited to all drafts of any engraving or any high- quality method of drawing music notation of "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 5.**

All documents that evidence, refer, or relate to any communications between the defendants regarding "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 6.**

All documents that evidence, refer, or relate to any royalties paid to defendants or each of them for "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 7.**

All documents that evidence, refer, or relate to any royalty(ies) accountings for "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 8.**

All documents that evidence, refer, or relate to any monies paid to defendants or each of them for the use, publication, licensing, or performance of "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 9.**

All documents that evidence, refer, or relate to any monies paid to defendants or each of them for the use, publication, licensing, or performance of "Christ Be Our Light" by Bernadette Farrell.

**RESPONSE:** This request is identical to Request No. 8. Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 10.**

All documents that evidence, refer, or relate to use, publication, licensing, or performance of "Christ Be Our Light" by Bernadette Farrell through One License (OneLicense.net), LicenSingOnline.org, or Christian Copyright Licensing International (CCLI).

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 11.**

All documents that evidence, refer, or relate to the allegation by Oregon Catholic Press in its complaint (DE 1, p. 4, ¶ 16) in case no. 3:19-cv-01397-AC (D. Or.) that "Farrell's work 'Christ Be Our Light' is not substantially similar to 'Emmanuel' and was independently created by Farrell."

/ / / /

**RESPONSE:** Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and filed with the court.

**REQUEST FOR PRODUCTION NO. 12.**

All documents that evidence, refer, or relate to travel or visits to or travel or visits within the United States of America by Bernadette Farrell between the period January 1, 1980 and December 31, 1993.

**RESPONSE:** Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and filed with the court.

**REQUEST FOR PRODUCTION NO. 13.**

All documents that evidence, refer, or relate to gross revenues received by defendants and each of them for the use, publication, licensing, or performance of "Christ Be Our Light" by Bernadette Farrell for the period February 16, 2017 through the date of this request.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 14.**

All documents that evidence, refer, or relate to "deductible expenses and the elements of profit attributable to factors other than the copyrighted work" (see 17 U.S.C. § 504(b)) with respect to "Christ Be Our Light" by Bernadette Farrell for the period February 16, 2017 through the date of this request.

/ / / /

**RESPONSE:** Object. Overly broad, unduly burdensome, notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

### REQUEST FOR PRODUCTION NO. 15.

All documents that evidence, refer, or relate to any kind of comparative musicological analysis of 'Christ Be Our Light' by Bernadette Farrell and 'Emmanuel' by Vincent A. Ambrosetti that was commissioned or obtained by defendants, or that is in the possession, custody or control of defendants, or either of them.

**RESPONSE:** Object. Overly broad, unduly burdensome, and not limited in time. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

### REQUEST FOR PRODUCTION NO. 16.

The passports, expired or not, possessed or utilized by defendant Farrell at any time during the period January 1, 1980 and December 31, 1993.

**RESPONSE:** Object. Overly broad, unduly burdensome. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

/ / / /

**REQUEST FOR PRODUCTION NO. 17.**

All documents that constitute, evidence, refer, or relate to any calendar, diary, or schedule possessed or utilized in any way by defendant Farrell at any time during the period January 1, 1980 and December 31, 1993.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 18.**

All journals, diaries, calendars, appointment books, agendas, notebooks and notes (including those stored electronically) authored and/or maintained by defendant Farrell during the period January 1, 1980 and December 31, 1993.

**RESPONSE:** Object. Overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control, provided an appropriate protective order has been agreed to and is filed with the court.

**REQUEST FOR PRODUCTION NO. 19.**

All publications (including but not limited to hymnals, missals, choir books, accompaniment books, and missalettes) that include any version of "Christ Be Our Light" by Bernadette Farrell that were published or were available for sale at any time during the period February 16, 2017 through the date of this request.

/ / / /

**RESPONSE:** Object. Overly broad, unduly burdensome. Notwithstanding this objection, the Defendants will produce whatever non-privileged documents are in their custody or control.

| | |
|---|---|
| DATED this 30th day of March, 2020. | THE DUBOFF LAW GROUP |
| | /s/ Leonard D. DuBoff<br>Admitted *Pro Hac Vice*<br>6665 SW Hampton Street, Suite 200<br>Portland, OR 97223<br>Telephone: 503-968-8111<br>Facsimile: 503-968-7228<br>lduboff@dubofflaw.com |
| | *Attorneys for Oregon Catholic Press and Bernadette Farrell* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March 2020, I emailed the foregoing to the following:

Donald J. Schmid
Law Offices of Donald J. Schmid
1251 N. Eddy Street, Suite 200
South Bend, IN 46617
schmid@donaldschmidlaw.com
*Attorneys for Plaintiff*

                                                                /s/ Leonard DuBoff