UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VINCENT A. AMBROSETTI, INDIVIDUALLY AND AS TRUSTEE OF THE KING'S MINSTRELS CHARITABLE TRUST aka INTERNATIONAL LITURGY PUBLICATIONS, <br><br> Plaintiff, <br><br> v. <br><br> OREGON CATHOLIC PRESS, BERNADETTE FARRELL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO: 3:19-cv-682-JED-MGG |

**DEFENDANTS OREGON CATHOLIC PRESS AND BERNADETTE FARRELL'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION**

In opposition to Plaintiff Vincent A. Ambrosetti's ("Plaintiff") Motion to Compel Document Production [ECF No. 19], filed on April 17, 2020, Defendants Oregon Catholic Press and Bernadette Farrell (collectively, "Defendants") state as follows:[1]

**BACKGROUND**

1.  Plaintiff, a musical artist and songwriter, is the purported legal and beneficial owner of a copyright to a musical composition entitled "Emmanuel." [ECF No. 1, Compl. ¶ 5.] Plaintiff claims that his ownership of the copyright to "Emmanuel" stems from a copyright registration for a collection of compositions titled *I Will Sing*, for which a copyright registration was obtained on April 1, 1991, as Registration No. PA0000525379. [*Id.* at ¶ 9.]

---

[1] In conjunction with this Response, Defendants have also filed a Motion to Stay Discovery and Brief in Support Thereof.

A.      **The Parties File Parallel Lawsuits in Indiana and Oregon**

2.      On August 27, 2019, Plaintiff filed a Complaint [ECF No. 1] in this Court ("Indiana Lawsuit"), contending that Defendants violated Section 106 of the Copyright Act, 17 U.S.C. § 106.[2]

3.      Plaintiff specifically asserts that Farrell, a musical composer, "copied [Plaintiff's] original and prior published work 'Emmanuel'" through a composition entitled *Christ Be our Light*, which was first published in 1993. [*Id.* at ¶ 14.] Plaintiff further alleges that OCP "obtained the right from Farrell to sell, market, distribute, and license . . . 'Christ Be Our Light'" and has "continuously published, licensed, and distributed . . . 'Christ be Our Light' every year since 1993." [*Id.* at ¶ 16.1.]

4.      Plaintiff admits that on August 12, 2019—roughly two weeks prior to the initiation of the Indiana Lawsuit—he filed an application for copyright registration with the U.S. Copyright Office for "'Emmanuel' (individual work)." [*Id.* at ¶ 10.] Thus, at the time Plaintiff filed his Complaint, the "individual title registration [was] in process." [*Id.*]

5.      This fact is dispositive. The United States Supreme Court recently held that registration of a work is a prerequisite to filing a lawsuit for copyright infringement and that merely filing an application for registration does not satisfy the registration requirement set forth in 17 U.S.C. § 411(a). *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 886-890 (2019). The Court, in a unanimous decision, rejected all the proffered arguments for allowing a litigant to file a lawsuit while an application for registration was pending before the U.S. Copyright Office. *Id.* at 890-92.

---

[2] The same day, Plaintiff also filed a separate cause of action in this Court, alleging that Defendant Oregon Catholic Press ("OCP") violated the Sherman Act, 15 U.S.C. §§1-2 (Cause No. 3:19-cv-00686-RM) ("Antitrust Lawsuit").

6. Because the Indiana Lawsuit was deficiently pled, OCP responded by filing a Complaint for Declaratory Judgment of Non-Infringement of Copyright against Plaintiff in the District of Oregon (Case No. 3:19-cv-01397-AC) ("Oregon Lawsuit") on September 3, 2019. OCP seeks, in part, a declaration stating that (1) the Oregon Lawsuit is the first proper case filed; and (2) that "Christ Be Our Light" is not substantially similar to "Emmanuel" and that the publication of "Christ Be Our Light" has not infringed and is not infringing the copyright in "Emmanuel." [*Id*.] As noted by Plaintiff, "[t]he two lawsuits are based on the same facts and the identical infringement claim." (Pl.'s Mot. to Compel at 3.)

7. Defendants then filed a Motion to Dismiss [ECF No. 8] on September 5, 2020, seeking dismissal of the Indiana Lawsuit, in its entirety, based on *Fourth Estate*, 139 S.Ct. at 886-890. Plaintiff filed a response in opposition on September 19, 2019 [ECF No. 11]; and Defendants filed a reply on September 25, 2019 [ECF No. 13].[3]

8. On November 8, 2020, the parties stipulated to a stay of the Oregon Lawsuit pending resolution and final disposition of the Indiana Lawsuit. *See* Stipulation to Stay and Order Granting Stay, attached hereto as Exhibit A. That stay remains in effect.

**B.   The Parties Stipulate to Early Written Discovery**

9. On February 4, 2020, the parties—having not yet conferred in the Indiana Lawsuit under Rule 26(f)—stipulated to the exchange of initial disclosures and early written discovery. *See* Fed. R. Civ. P. 26(d)(1) (prohibiting discovery prior to a Rule 26(f) conference, absent certain exceptions, including a "stipulation" by the parties).

10. Specifically, counsel for both parties—Donald J. Schmid on behalf of Plaintiff; and Leonard DuBoff and Christopher Perea on behalf of Defendants—spoke by telephone and

---

[3] Plaintiff also filed a Supplement to his Response [ECF No. 17] on March 22, 2020, to which Defendants responded on March 25, 2020 [ECF No. 18].

discussed the terms of early written discovery.  *See* Decl. Leonard DuBoff at ¶ 4, attached hereto as Exhibit B; Decl. of Christopher Perea at ¶ 4, attached hereto as Exhibit C.  During the conversation, Mr. DuBoff represented to Mr. Schmid his understanding that (a) the parties' provision of initial disclosures and participation in early written discovery will not be deemed an admission that the copyright infringement matter belongs in Indiana; and (b) that any documents produced in the Indiana Lawsuit will also be available in the Oregon Lawsuit, assuming the Court grants Defendants' Motion to Dismiss [ECF No. 8] and dismisses the Indiana Lawsuit in its entirety.  [*Id.*]  At no time during this telephone conversation did Mr. Schmid object to or dispute Mr. DuBoff's understanding as to the stipulated terms of the parties' early written discovery.  [*Id.*]  Further, during this conversation, counsel for both parties referred to the Indiana Lawsuit and the Oregon Lawsuit, collectively, as the copyright infringement case.  [*Id.*]

11.  On February 27, 2020, Mr. DuBoff sent an e-mail to Mr. Schmid—out of an abundance of caution—confirming the parties' stipulation that the provision of initial disclosures and participation in early written discovery will not be deemed an admission that the copyright infringement matter belongs in Indiana.  [Ex. B at ¶ 5; ECF No. 19-4.]  As noted in Mr. Duboff's Declaration, this e-mail was not intended to represent a complete recitation of the parties' stipulated terms to early written discovery, as previously agreed.  [Ex. B at ¶ 5.]  Shortly after receiving Mr. DuBoff's e-mail, Mr. Schmid sent an e-mail confirming the parties' stipulation. [*Id.*]

12.  On February 28, 2020, the parties exchanged initial disclosures and served, respectively, a first request for production of documents.[4]  [Ex. B at ¶ 6.]

---

[4] On February 29 2020—the day after Defendants served their initial disclosures—Mr. Schmid sent an e-mail to Mr. DuBoff requesting copies of the documents identified in Defendants' initial disclosures "as soon as possible."  [ECF No. 19-2].  Mr. DuBoff reminded Mr. Schmid that Rule 26(a)(1)(ii) requires the parties to provide "a copy—**or** a description by category and location—of all documents, electronically stored information, and tangible things that

13. On March 30, 2020, the parties served responses to the first request for production of documents. [*Id.* at ¶ 7.] In their responses, Defendants—consistent with the parties' February 4, 2020 telephone conversation—stated, as a general objection, that "[t]hese responses are made solely for the purpose of this action and not for any other purpose or for any other action." [ECF No. 19-3 at 1.] As explained in the Declarations submitted by Mr. DuBoff, "this action" refers, collectively, to the copyright infringement matter pending in this Court and in the District of Oregon. [Ex. B at ¶ 7 (explaining that this language was primarily intended to distinguish the copyright infringement matter from the Antitrust Lawsuit).] As also noted by Mr. DuBoff, this reference is fully consistent with the parties' prior communications, and treatment of the Indiana Lawsuit and Oregon Lawsuit as a single case. *See, e.g.*, *id.*; ECF No. 19-2, e-mail from D. Schmid to L. DuBoff, Feb. 27, 2020 (referring to the Indiana Lawsuit and the Oregon Lawsuit, collectively, as "the copyright infringement case.").

14. In their responses, Defendants also stated that, subject to their stated objections, they will produce all responsive, non-privileged documents in their custody and control, "provided an appropriate protective order has been agreed to and is filed with the court." [ECF No. 19-3].

C. **Plaintiff Reverses Position on Parties' Stipulated Terms for Early Written Discovery.**

15. Around the same time Defendants served their responses to Plaintiff's first request for production, the parties were also coordinating the submission of a joint status report in the Oregon Lawsuit, as required by the Court. *See* e-mail communications between D. Schmid and

---

the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment"; and that Defendants have provided such descriptions. [*Id.* (citing Fed. R. Civ. P. 26(a)(1)(ii) (emphasis in original)]. Mr. DuBoff confirmed that, consistent with the parties' stipulation for early written discovery, Defendants will produce relevant documents on or after March 30, 2020, the date on which Defendants will serve their responses to Plaintiff's written discovery requests. [*Id.*]

5

L. DuBoff, dated April 6-7, 2020, attached hereto as <u>Exhibit D</u>.  After exchanging initial drafts of the joint status report during the week of March 30, 2020, Mr. Schmid sent an e-mail to Mr. DuBoff objecting to Defendants' inclusion of "unnecessary" issues within the draft joint status report; and, in the process, objected to the draft's reference to the stipulated terms of the parties' early written discovery in the Indiana Lawsuit.  [*Id.*]  Mr. DuBoff then reminded Mr. Schmid that the parties had an "agreement regarding the fact that exchanging initial disclosures and beginning discovery was with the understanding that those items would be used in whichever case ultimately goes forward," and again, noted that such information is appropriately included in the joint status report.  [*Id.*]  Without specifically addressing this issue, Mr. Schmid simply responded that "I do not agree with your suggested edits" and stated his intention to "file a status report by defendant."  [*Id.*]  Then, on April 7, 2020, Mr. Schmid informed counsel for Defendants—for the first time—that Plaintiff is taking the position that no such agreement existed, and that any documents produced in the Indiana Lawsuit would not be available in the Oregon Lawsuit.  [Ex. B at ¶ 9.]

16. In light of these communications, the parties submitted separate status reports on April 7, 2020.  In its status report, OCP informed the court of the following:

> The parties in late February 2020 agreed that if they exchanged initial disclosures and commenced discovery at that time, it would not be deemed an admission by the OCP and Bernadette Farrell that the copyright case should remain in Indiana. . . . [I]t was agreed that the exchange of initial disclosures, as well as the commencement of discovery, would not be deemed an admission by OCP and Bernadette Farrell that the copyright case should remain in Indiana. In addition, OCP and Bernadette Farrell's counsel understood that both the initial disclosures and the discovery would be used in whichever case goes forward, once the motion to dismiss in Indiana is resolved. Ambrosetti's counsel, Donald Schmid, has now stated that he does not agree, and for that reason, the attorney for OCP and Bernadette Farrell is suspending OCP and Bernadette Farrell's participation in discovery until the motion to dismiss in Indiana is resolved.

OCP Status Report, attached hereto as Exhibit E, at 2-3. By contrast, Mr. Ambrosetti's Status Report, attached hereto as Exhibit F, made no mention of the parties' stipulated terms to early written discovery (or his disagreement with Defendants' stated understanding of such terms).[5]

17. On April 9, 2020, Mr. Schmid informed Mr. DuBoff, via telephone, of his client's intention to file a Motion to Compel if Defendants do not agree to resume stipulated written discovery and produce the responsive documents identified in Defendants' initial disclosures and responses to Plaintiff's first set of discovery requests. [Ex. B at ¶ 10.]

18. On April 14, 2020, counsel for both parties conferred via telephone. [*Id.* at ¶ 11.] As part of this exchange, Mr. DuBoff reminded Mr. Schmid of the stipulated terms of the parties' early written discovery, and the basis for Plaintiff's suspension of early written discovery in light of Plaintiff's failure to abide by the stipulated terms. [*Id.*] Nevertheless, after some additional communications, Plaintiff declined to consent to a temporary suspension of discovery and proceeded to file this Motion. [*Id.*]

## ANALYSIS

19. Pursuant to Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

20. Here, it is undisputed that (1) a Rule 26(f) conference has not yet occurred; (2) a Rule 16(b) conference has not yet occurred; (3) no discovery deadlines are in place; and (4) Defendants' Motion to Dismiss, if granted, will dismiss the Indiana Lawsuit in its entirety. It

---

[5] Defendants note that all of their written discovery requests were propounded prior to April 7, 2020.

7

is also undisputed that, as a result of these circumstances, the parties proceeded to early written discovery solely pursuant to "stipulation." The only material dispute raised by Plaintiff's Motion to Compel is the scope of the parties' stipulated terms; namely, whether or not the parties stipulated that any documents produced in the Indiana Lawsuit will also be available in the Oregon Lawsuit, in the event that the Court dismisses the Indiana Lawsuit.

21. As a threshold matter, Plaintiff's citation to Rule 37(a)(3)(B), as the basis for filing his Motion to Compel, is procedurally misplaced. *See, e.g.*, *Smith v. Lake Cnty.*, 2017 WL 632114, at *1 (N.D. Ind. Feb. 13, 2017) (finding that, because the parties had not conducted a Rule 26(f) conference and were merely engaged in stipulated early discovery, the plaintiff "cannot ask the Court to compel Defendant . . . to respond under Federal Rule of Civil Procedure 37(a)(3)(B)"); *see also PCH Radiology, PC v. Eagle Eye Radiology, Inc.*, 2009 WL 10672028, at *1 n.2 (W.D. Okla. July 28, 2009) (advising the parties that "the Court will not entertain any motions seeking to enforce any purported agreements between and among the parties regarding discovery" stipulated prior to a Rule 26(f) conference). Because the parties have not conducted a Rule 26(f) conference—and thus, no formal discovery deadlines are currently in place—Plaintiff's request for documents cannot be rooted in Rule 37; but instead, in the Court's general authority under Rule 26. *Smith*, 2017 WL 632114, at *1.

22. Notwithstanding, Plaintiff's arguments fail on the merits. As demonstrated in the Declarations of Mssrs. DuBoff and Perea, counsel for Plaintiff agreed to the terms of early written discovery during a telephone call on February 4, 2020—including a stipulation that all documents produced in the Indiana Lawsuit will also be available in the Oregon Lawsuit. *See* Ex. B at ¶ 5. Counsel for Defendants continued to operate under this stipulation until April 7, 2020, when Mr. Schmid informed counsel for Defendants—for the first time—that no such

agreement existed, and that any documents produced in the Indiana Lawsuit would not be available in the Oregon Lawsuit. [*Id.* at ¶ 9.]

23.    Aside from the Declaration of Mr. Schmid [ECF No. 19 at pgs. 15-19], Plaintiff's position rests almost exclusively on the following general objection in Defendants' responses to Plaintiff's first set of discovery requests: "These responses are made solely for the purpose of this action and not for any other purpose or for any other action." [ECF No. 19-3 at 1.] But as explained in the Declaration submitted by Mr. DuBoff, "this action" refers, collectively, to the copyright infringement matter pending in this Court and in the District of Oregon. [Ex. B at ¶ 7 (explaining that the primary purpose of this general objection was to distinguish the copyright infringement matter from the Antitrust Lawsuit).] This interpretation of the term "this action" is fully consistent with the parties' prior communications, *see*, e.g., *id.*, ECF No. 19-2, e-mail from D. Schmid to L. DuBoff, Feb. 27, 2020 (referring to the Indiana Lawsuit and the Oregon Lawsuit, collectively, as "the copyright infringement case."), and Plaintiff's repeated admission that the Indiana Lawsuit and Oregon Lawsuit "are based on the same facts and the identical infringement claim[,]" [ECF No. 19 at 3]. *See also* Ex. A (Stipulation to Stay) (same).

24.    Moreover, given the "identical" facts and claims involved in both the Indiana and Oregon Lawsuits, Plaintiff's current discovery position, as a practical matter, is puzzling. Assuming the Court grants Defendants' Motion to Dismiss and dismisses the Indiana Lawsuit in its entirety (as Defendants believe is warranted), Plaintiff's position would require the parties to promulgate duplicative discovery requests in the Oregon Lawsuit, and thus, needlessly expend additional resources pursuing the *same discovery* they are pursuing now. To date, Plaintiff has offered no basis for this position; nor has he provided any plausible explanation for why Defendants would have consented to this position in the first place.

25. But perhaps most notably, Plaintiff has failed to provide any explanation as to why—prior to a Rule 26(f) conference and the implementation of any discovery deadlines—an order compelling document production is warranted under Rule 26(b)(1). *See, e.g., Smith*, 2017 WL 632114, at *1 (compelling limited early discovery under Rule 26(b)(1) because the plaintiff "has a *significant need* to identify [certain] individuals [in a photograph] before the statute of limitations expires.") (emphasis added).  In all likelihood, a viable explanation is elusive here, particularly given the unprecedented circumstances posed by the current COVID-19 pandemic and its impact on litigants and courthouses across the country—including this one. *See* General Order Regarding Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus (2020-05), Mar. 17, 2020 (https://www.innd.uscourts.gov/sites/innd/files/GeneralOrder2020-05.pdf).[6]

For all of these reasons, the Court should summarily deny Plaintiff's Motion to Compel so that—absent a stay of discovery pending a ruling on Defendants' Motion to Dismiss—the parties may continue to maintain a discovery posture that conforms with Fed. R. Civ. P. 26(d)(1). Alternatively, in the event the Court orders Defendants to produce certain documents requested by Plaintiff in advance of a Rule 26(f) conference, Defendants have filed, contemporaneously with this Response, a Motion for Entry of a Protective Order and Proposed Protective Order.

## **CONCLUSION**

WHEREFORE, Defendants Oregon Catholic Press and Bernadette Farrell request for the Court to deny Plaintiff's Motion to Compel [ECF No. 19] and grant all other relief deemed just and proper.

---

[6] Both Indiana and Oregon have declared public health emergencies and are operating under mandatory, statewide stay-at-home orders.

Dated: April 30, 2020                    Respectfully submitted,

                                                                  */s/ Matthew R. Kinsman*
Kathy L. Osborn (#21927-53)
Ryan M. Hurley (#24956-49)
Matthew R. Kinsman (#32032-71)
FAEGRE DRINKER BIDDLE & REATH, LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: 317-237-0300
Facsimile: 317-237-1000
kathy.osborn@faegredrinker.com
ryan.hurley@faegredrinker.com
matthew.kinsman@faegredrinker.com

Leonard D. DuBoff (*pro hac vice*)
THE DUBOFF LAW GROUP, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223
Telephone: 503-968-8111
Facsimile: 503-868-7228
lduboff@dubofflaw.com

*Attorneys for Oregon Catholic Press and Bernadette Farrell*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 30th day of April 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to the following:

        Donald J. Schmid
        Law Offices of Donald J. Schmid
        1251 N. Eddy Street, Suite 200
        South Bend, IN  46617
        schmid@donaldschmidlaw.com

        *Attorney for Plaintiff*


                                                      */s/ Matthew R. Kinsman*