# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| VINCENT A. AMBROSETTI, INDIVIDUALLY AND AS TRUSTEE OF THE KING'S MINSTRELS CHARITABLE TRUST aka INTERNATIONAL LITURGY PUBLICATIONS,<br><br>        Plaintiff,<br><br>    v.<br><br>OREGON CATHOLIC PRESS, BERNADETTE FARRELL,<br><br>        Defendants. | Case No. 3:19-cv-682 JD-MGG |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DOCUMENT PRODUCTION AND FOR AN AWARD OF SANCTIONS

The defendants and their counsel are playing discovery games. The defendants are simultaneously propounding multiple discovery requests including two sets of requests for documents and a set of requests for admissions while simultaneously not fulfilling their initial disclosure obligations with respect to documents and refusing to produce documents pursuant to a first request for documents – documents that the defendants agreed to produce. The Court should not countenance this obstreperous conduct and should order the defendants to forthwith produce all of the documents identified in their initial disclosures and all

1

of the documents requested in plaintiff's first request for documents. This Court should also award sanctions for plaintiff having to bring this motion to compel such basic disclosures and discovery from the defendants.

**1.   The defendants have not produced or even specifically identified their initial disclosure documents, despite the fact that this action has been pending since August 2019.**

This case has been pending since August 27, 2019. (DE 1.) As one court put it succinctly, "there is now no reason for discovery not to be underway." *Hari v. Stuart*, No. 19-cv-1330 (ECT/TNL), 2019 U.S. Dist. LEXIS 161608, at *3-4 (D. Minn. Sep. 20, 2019)

The parties through counsel agreed on February 4, 2020 to exchange initial disclosures by February 28, 2020. (Schmid Decl., ¶ 4.) The parties exchanged initial disclosures on February 28, 2020. The plaintiff submitted bates numbered specific documents as part of their initial disclosures. The defendants did not produce any specific documents. Indeed, in their initial disclosures, the defendants failed to identify any specific documents whatsoever. Instead, the defendants listed three categories of documents that were non-specific and vague:

> 1) Documents related to the marketing and sales of Defendants' song "Christ Be Our light." Located at Defendants' counsel's office.
> 2) Documents related to the federal registration of both Defendant and Plaintiff's songs "Christ Be Our Light" and "Emmanuel" respectively.
> 3) Documents related to the past, present, and future use of Defendants' musical composition in commerce. Located at Defendants' counsel's office.

(Defendants' Rule 26(a) Initial Disclosures, Exhibit 1 to the orig. Declaration of Donald J. Schmid.)

Counsel for defendants thereafter continued to refused to identify any specific documents in its initial disclosures or to turn over the documents listed in its initial disclosures; counsel for the defendants said that defendants would respond instead to plaintiff's first request for production of documents. (See Duboff email dated March 2, 2020, attached as Exhibit 2 to the Schmid Decl.) Plaintiff then waited.

On February 28, 2020, both parties served a first request for production of documents in this action 3:19-cv-682 JD. In defendants' responses to plaintiff's first request for production of documents served on March 30, 2020, defendants agreed to turn over specific records that were requested by plaintiff's first request for documents – once a protective order was filed with the court. But in April 2020 the defendants then refused to produce any documents to the plaintiff, including the documents vaguely described in their initial disclosures. This is not right.[1]

The supposed justifications for this refusal are baseless and without merit. In their refusal and in their opposition to this motion to compel, counsel for the defendants have been disingenuous.

## 2. Defendants have propounded multiple sets of discovery to plaintiff but have refused to produce documents to plaintiff.

The defendants argue that they should not be compelled to turn over basic documents and records in the case because a Rule 26(f) conference has not yet been

---

[1] "In this Court's opinion, litigants now have a duty under Rule 26(a)(1) to make full-bodied disclosures, meaning that they should fully produce any and all non-privileged documents with respect to their claims and/or defenses, rather than merely identifying them on a list, regardless of whether the opposing party sends a formal request for production pursuant to Rule 34." *Walsh/Granite JV v. HDR Eng'g, Inc.*, Civil Action No. 17-558, 2018 U.S. Dist. LEXIS 73927, at *9-10 (W.D. Pa. Apr. 30, 2018).

3

held. This argument is without merit. It is disingenuous given that *defendants* have propounded three discovery requests in this case recently:

   a.   defendants' first request for documents, served February 28, 2020;

   b.   defendants' first requests for admissions, served April 1, 2020; and

   c.   defendants' second requests for documents, served April 2, 2020.

(orig. Schmid Decl., ¶ 6; Supplemental Declaration of Donald J. Schmid (attached hereto), ¶¶ 2-3 and Exhibits 7 and 8.)

It is remarkable that defendants have now refused to actually produce any documents as part of their initial disclosures or pursuant to plaintiff's first request for documents nos. 1 through 18 (served February 28, 2020). Given that the defendants have charged ahead with discovery requests served on plaintiffs on February 28, April 1 and April 2, 2020, it is no valid argument to say that they have no obligation to turn over initial disclosure documents as well as documents pursuant to plaintiff's first set of requests for documents.

The parties both exchanged a first set of requests for documents on February 28, 2020. The defendants concede that these first requests were effectively "stipulated" pursuant to Rule 26(d)(1), which stipulated documents request constitute an exception to discovery being propounded only after the Rule 26(f) conference. The parties both served responses to these requests on March 30, 2020. In their responses, the defendants *agreed* to turn over documents including pursuant to request nos. 1 through 19. There was no statement in the defendants' March 30, 2020 response that indicated that they would refuse to turn over documents because a Rule 26(f) conference had not yet been held. Yet now

4

plaintiffs are refusing to produce these documents that are obviously relevant indeed fundamental to this lawsuit and are attempting to avoid an order to compel on that frivolous ground.

Defendants' refusal to produce documents pursuant to plaintiff's straightforward and basic document requests not only breaks defendants' agreement in their March 30, 2020 to produce the documents called for in *this* action, but it also violates the defendants' initial disclosure obligations pursuant to Rule 26(a)(1). As explained earlier, the defendants vague listing of three categories of documents did not fulfill their Rule 26(a)(1) obligations. Plaintiff has waited patiently for defendants' responses served on March 30, 2020 to get those initial disclosure documents and now defendants are without good cause refusing to turn over these basic, initial disclosure documents even though defendants have represented that these documents are already in the office of defendants' counsel. (Defendants' Rule 26(a) Initial Disclosures, Exhibit 1 to the Declaration of Donald J. Schmid.)

**3.    There was never any agreement to allow discovery or documents provided in this Indiana federal court action to be used if the Oregon action were ever unstayed.**

The defendants' argument that they are justified in refusing to produce the documents pursuant to their initial disclosure obligations pursuant to Rule 26(a) and pursuant to their responses to plaintiff's first set of document requests because somehow plaintiff's counsel changed his position on whether these documents could also be used in the improperly filed Oregon action is without merit. This is a red herring. There was *never* an agreement that documents produced in this Indiana

federal court action could also be used in the later (and improperly filed) declaratory judgment action in Oregon. The proof that there was no such agreement is in the Schmid email dated February 27, 2020 at 2:25 p.m. ET and the Duboff email that same date that preceded it:

> **Re: Ambrosetti v. OCP / Initial Disclosures / 0197.2**
> 1 message
>
> Donald Schmid <schmid@donaldschmidlaw.com>                    Thu, Feb 27, 2020 at 2:25 PM
> To: Leonard Duboff <lduboff@dubofflaw.com>
>
> Thanks for your email Leonard. Yes, it is agreed that OCP/Farrell's providing initial disclosures in the Indiana case is not an admission by the defendants that the copyright infringement case must remain in the Indiana federal court.
>
> We will be providing our initial disclosures tomorrow, as agreed. Please confirm that you are prepared to provide the defendants' initial disclosures pursuant to Rule 26(a) tomorrow as well.
>
> Thanks,
>
> Donald
>
> On Thu, Feb 27, 2020 at 2:19 PM Leonard Duboff <lduboff@dubofflaw.com> wrote:
>
>> Dear Donald,
>>
>> It has been almost a month since we spoke about initial disclosures, and I have not yet received an email from you confirming our understanding that exchanging initial disclosures on or before close of business tomorrow would not be deemed an agreement that the case should remain in Indiana. If you sent that email, I did not receive it. Please provide me with confirmation of that agreement. Thanks for taking care of this as soon as possible.
>>
>> Sincerely,
>>
>> Leonard DuBoff, Esq.:cep

(Schmid Decl., Exh. 4.)

The *only* agreement that had been reached between counsel on February 4, 2020 was referenced in the Duboff email dated February 27, 2020 and confirmed in the Schmid email of the same date: providing initial disclosures in the Indiana case would not constitute an admission by the defendants that the copyright infringement case must remain in the Indiana federal court. There was no other agreement.

The proof of this is not only in the February 27, 2020 emails exchanged but also in defendants' own responses to plaintiff's first request for production of

6

documents, in paragraph 1, where defendants stated explicitly: "These responses are made solely for the purpose of this action and not for any other purpose or for any other action." (Defendants' Responses to Plaintiff's First Request for Documents, p. 1 (erroneously denominated p. 10), Exhibit 3 to Schmid Decl.) Mr. Duboff's after-the-fact attempt to explain this assertion away in his declaration is not reasonable and thus not credible. In sum, there was no agreement that documents produced and discovery provided in the Indiana federal court action (3:19-cv-682) could be used in the improperly filed action in the Oregon federal court, which has been stayed.

**4.    The defendants' motion to dismiss, pending since September 2019, is without merit and even if granted will not be dispositive because the copyrighted work here has been registered not only in a compilation work but also now as an individual work.**

Finally, the defendants' argument that they have a motion to dismiss pending is also no justification to refuse to turn over these basic case documents and records pursuant to Rule 26(a)(1) and also pursuant to their own agreement in their March 30, 2020 responses to plaintiff's first request for production of documents to produce such records. As an initial matter, defendants' motion to dismiss is without merit because plaintiff's copyright work "Emmanuel" *was* registered as part of a compilation in 1991. This is all that is required. (DE 1 ¶ 9, DE 11.) Beyond that, plaintiff's "Emmanuel" was also registered as an individual work earlier this year in March 2020. (See DE 17.) Thus, even if defendants' motion to dismiss ever had any merit, the plaintiff's copyright work is now registered individually. The procedural requirement for copyright registration has

7

clearly been met, even as argued by the defendants. At best, even if defendants' motion to dismiss were to be granted by the District Court here (and that is *not* likely), plaintiff would simply seek leave to file an amended complaint in this action alleging and based on the recent March 2020 individual copyright registration of "Emmanuel." Stated differently, there is no chance that defendants' motion to dismiss here will be dispositive of the action for copyright infringement in this court. Thus, defendants should be compelled to turn over the documents that were demanded in plaintiff's first set of document requests – as well as the documents that should have been turned over as part of defendants' initial disclosures. These documents are obviously relevant to and fundamental to plaintiff's copyright infringement claim in this case.

The defendants are not entitled to a stay of discovery here because that motion to dismiss is without merit and will be denied or alternatively because that motion to dismiss will not in any event be dispositive. Further, the defendants cannot have their cake and eat it too. That is, they cannot simultaneously serve multiple discovery requests on plaintiff including a set of requests for admission and a second set of document requests while also refusing to produce any documents because they now seek – *after* the motion to compel has been filed – a stay of the discovery in this case.

## Conclusion

The defendants' refusal to produce the documents called for by plaintiff's first request for documents after this action has been pending for more than eight

months is frivolous.  The plaintiff asks the Court to grant this motion to compel, order the defendants to produce the documents requested in plaintiff's first request for documents forthwith, and to award reasonable attorneys' fees to plaintiff for having to bring this motion to compel.

Rule 37 provides clear authority to bring motions to compel if, as here, a party files to make initial disclosures pursuant to Rule 26(a) or if a party fails to produce documents.  Defendants have failed both to provide initial disclosures regarding key documents in this case and have failed to produce documents appropriately sought pursuant to a Rule 34 request.  Rule 37(a)(3) states:

> (3) Specific Motions.
> (A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

Fed.R.Civ.P., Rule 37(a)(3).

In addition to Rule 37(a)(3)(A) explicitly providing for sanctions for compelled initial disclosures ("and for appropriate sanctions "), Rule 37(a)(5)(A) also provides clearly for an award of sanctions to the party brining the motion successfully, whether that compelled discovery is stipulated or not:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P., Rule 37(a)(5)(A).

Rule 37(b)(2)(A) also provides for sanctions if a party "fails ... to permit discovery." *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 13 (D.D.C. 2013). "Rule 37 sanctions are intended, first and foremost, to try to ensure that . . . that legitimate discovery materials that are sought are produced." *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condo. Ass'n*, No. 00 C 1110, 2002 U.S. Dist. LEXIS 9737, at *12 (N.D. Ill. Mar. 4, 2002). If a party could ignore stipulated discovery requests (that is, avoid sanctions for failing to produce discovery pursuant to stipulated discovery), such stipulated discovery requests would be pointless.

In addition to the authority under Rule 37 to award sanctions against a party refusing to produce documents or make full initial disclosures, "a court also has the inherent power to assess sanctions for the failure to ... produce documents." United States v. Dish Network, LLC, No. 09-3073, 2015 U.S. Dist. LEXIS 139281, at *18 (C.D. Ill. Oct. 9, 2015). Here, sanctions are well justified given defendants' flat refusal to produce documents that should have been provided or at least specifically identified as part of the initial disclosures and then again that should have been produced pursuant to plaintiff's first request for documents.

Dated: May 7, 2020

                                        Respectfully submitted,

                                        /s/  *Donald J. Schmid*
                                        _____
                                        Donald J. Schmid

                                        Attorney for Plaintiff Vincent A. Ambrosetti, individually and also as a trustee of The King's Minstrels Charitable Trust aka International Liturgy Publications (ILP)

Law Offices of Donald J. Schmid
1251 N. Eddy Street, Suite 200
South Bend, IN 46617
Tel. 574-993-2280
Email: schmid@donaldschmidlaw.com

# Appendix

*Supplemental Declaration of Donald J. Schmid dated May 7, 2020*

*Index of Exhibits*

7. Email dated April 1, 2020 from defendants' counsel Leonard Duboff to Mr. Schmid with defendants' second request for production of documents.

8. Email dated April 2, 2020 from defendants' counsel Leonard Duboff to Mr. Schmid with defendants' first request for admissions.

## Supplemental Declaration of Donald J. Schmid

I, Donald J. Schmid, hereby declare:

1. I am a resident of the State of Indiana. I am an attorney licensed to practice in Indiana and California.

2. Attached hereto as **Exhibit 7** is a true and accurate copy of an email dated April 1, 2020 from defendants' counsel Leonard Duboff to me with defendants' second request for production of documents.

3. Attached hereto as **Exhibit 8** is a true and accurate copy of an email dated April 2, 2020 from defendants' counsel Leonard Duboff to me with defendants' first request for admissions.

I declare under penalties of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge and belief, and that this declaration was executed on May 7, 2020.

/s/ *Donald J. Schmid*
Donald J. Schmid