UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VINCENT A. AMBROSETTI, *individually and as trustee of* KING'S MINSTRELS CHARITABLE TRUST *also known as* INTERNATIONAL LITURGY PUBLICATIONS | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:19-cv-00682-JD-MGG |
| v. | ) ) | |
| OREGON CATHOLIC PRESS, BERNADETTE FARRELL | ) ) ) | |
| Defendant. | ) | |

## **OPINION & ORDER**

Plaintiff Vincent Ambrosetti, individually and also as a trustee of The King's Ministrels Charitable Trust also known as International Liturgy Publications ("ILP"), filed a complaint against Defendants Oregon Catholic Press and Bernadette Farrell (the "Defendants") for copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. [DE 1]. This matter is before the Court on Defendant Oregon Catholic Press' ("OCP") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 7]. For the reasons stated herein, the Court will grant the motion and dismiss the complaint without prejudice.

### **I. FACTUAL BACKGROUND**

Mr. Ambrosetti is a musical artist and songwriter that authored the musical composition entitled "Emmanuel." OCP is a corporation that acquires and controls licenses to musical compositions and sells and distributes music publications. "Emmanuel" was first published in 1980 in a book entitled "Singing Holy." "Emmanuel" has been a top selling musical composition of Mr. Ambrosetti and within the ILP musical catalogue. In 1985, "Emmanuel" was also

1

published in a collection of works entitled "I Will Sing." A copyright registration for "I will Sing," including "Emmanuel," was obtained on April 1, 1991, with a registration number of PA0000525379. [DE 8-1]. ILP and Pauline Krystal Music are listed as copyright claimants on the registration and Mr. Ambrosetti is listed as the author.

Defendant Bernadette Farrell composed a musical work titled "Christ Be Our Light," which was first published in 1993. OCP obtained the right from Ms. Farrell to sell, market, distribute, and license "Christ Be Our Light." Mr. Ambrosetti alleges that the Defendants' composition "Christ Be Our Light" infringes "Emmanuel" due to the "striking similarity" between the two musical pieces.

On August 12, 2019, Mr. Ambrosetti filed an application for copyright registration with the U.S. Copyright Office for the individual piece "Emmanuel." At the time of filing the complaint, the application was still in process. On March 4, 2020, a Certificate of Registration was issued for "Emmanuel" listing Mr. Ambrosetti as both the copyright claimant and author, with a registration number of PA 2-231-246. Mr. Ambrosetti filed the registration with this Court on March 22, 2020 requesting it take judicial notice of the registration. [DE 17]. On September 3, 2019, a week after the instant case was filed, OCP filed a complaint in the District of Oregon ("Oregon Suit") seeking a declaratory judgment stating the Oregon Suit was first to file because the instant suit was improperly filed and "Christ Be Our Light" does not infringe "Emmanuel." Case No. 3:19-cv-01397-AC.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143,

1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

To state a claim for direct copyright infringement, Plaintiff must plead sufficient facts to plausibly suggest "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, (1991)). Here, OCP argues dismissal is warranted because Mr. Ambrosetti has failed to allege that the copyright at issue has been successfully registered in accordance with 17 U.S.C. § 411 of the Copyright Act.

Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with" Title 17 of the United States Code. 17 U.S.C. § 411. Compliance with the registration requirements of 17 U.S.C. § 411(a) is not a condition of copyright protection but is a prerequisite to suing for infringement. *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009). This prerequisite does not restrict a

federal court's subject-matter jurisdiction with respect to infringement suits involving unregistered works. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010). The Supreme Court has decided that "'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019). Although an owner's rights exist apart from registration, a copyright "[r]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id.* at 887.

The Court first addresses OCP's second argument that Mr. Ambrosetti's filing of a copyright registration application for "Emmanuel" does not satisfy the infringement action prerequisite required by Section 411(a). [DE 8 at 6]. It is undisputed, even alleged by Mr. Ambrosetti in his complaint, that the registration application for the individual song "Emmanuel" was submitted two weeks prior to the filing of this action and a decision from the U.S. Copyright Office had not yet been administered. [DE 1 ¶ 10]. On March 4, 2020, the Copyright Office issued a registration for "Emmanuel," nearly 7 months after this action was filed. [DE 17-1].[1] Therefore, the Court finds that, consistent with Section 411(a) and the Supreme Court's holding

---

[1] While not attached to the complaint, the Court may take judicial notice of the copyright registrations at issue in this case at this stage without converting the motion to one for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment."). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* (citing *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)). In particular, the Court may take judicial notice of public record information obtained from an official government website. *Betz v. Greenville Correctional Inst.*, 2014 WL 812403, at *1 (S.D. Ill. Mar. 3, 2014); *see also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (taking judicial notice of military personnel records found online at www.archives.gov website); *Laborer's Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from official website of the FDIC).

in *Fourth Estate*, the registration application filing for the individual song "Emmanuel" does not satisfy the requirements necessary to file an infringement action.

The Court's analysis does not stop there, however. In the complaint, it is alleged that the infringed work "Emmanuel" was registered with the U.S. Copyright Office in April 1991 as part of the "I Will Sing" songbook collection registration and Mr. Ambrosetti argues the motion to dismiss should be denied because he properly alleged that "Emmanuel" was registered prior to filing the complaint. [DE 1 ¶ 9; DE 11 at 5]. OCP argues that the registration of the collective work does not extend to the individual, component part. The registration for "I Will Sing" lists Mr. Ambrosetti as the author and Pauline Krystal Music and ILP as the copyright claimants. [DE 8-1]. Mr. Ambrosetti argues that "Emmanuel's" registration is a factual allegation that must be accepted as true when considering the motion to dismiss. [DE 11 at 6]. However, whether the registration extends from the compilation "I Will Sing" to the individual work "Emmanuel" is a legal issue with factual underpinnings. For the following reasons, the Court finds "Emmanuel" does not gain the benefit of the registration of "I Will Sing."

The relevant Copyright Office regulations, guidance, and caselaw establish that the collective work "I Will Sing" registration does not provide the individual work "Emmanuel" the registration required by Section 411(a). The Copyright Act defines a "collective work" as "a work, such as a periodical issues, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101. It also defines a "compilation" as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." *Id.* The Copyright Act establishes

5

a default presumption that the copyright owner in a collective work has acquired only the privilege of reproducing and distributing the collective work, not the individual, separate contributions. 17 U.S.C. § 201(c) ("Copyright in each separate contribution to a collective work is distinct from copyright in the collective work as a whole, and vests initially in the author of the contribution.").

Mr. Ambrosetti predominately relies on two particular cases in his response, *Szabo v. Errisson*, 68 F.3d 940 (5th Cir. 1995) and *Sylvestre v. Oswald*, No. 91 CIV. 5060 (JSM), 1993 WL 179101 (S.D.N.Y. May 18, 1993). [DE 11 at 7–8]. However, both cases extended the registration of the collective work to the *unpublished* individual work, in which the claimant and author were the same and all the component parts had the same author. The defendants in those cases argued that since the individual song was not listed on the registration, then the individual work cannot be considered registered by the collective work, which the courts were not persuaded by. Here, "Emmanuel" was first published in a book in 1980 and recorded and performed in 1985. [DE 1 at ¶¶ 11, 12]. Consequently, "Emmanuel" was not an unpublished work when it was included in the collective work "I Will Sing." OCP does not argue that because "Emmanuel" is not listed on the registration it cannot be covered by the registration. Rather, OCP argues the issue with the registration of the collective work is that its copyright owners, ILP and Pauline Krystal Music, do not own all rights in the individual song "Emmanuel." [DE 8 at 4–5; DE 13 at 2–4]. The regulations provide that a copyright claimant is either (1) the author of the work or (2) the person or organization that has obtained ownership of all the rights under the copyright that initially belonged to the author. 35 C.F.R. § 202.3(a)(4). As argued by OCP, the distinction between claimant and author is critical because unless the copyright owner of a compilation or collective work owns all the rights in a constituent part, registration of the

compilation will not extend to that constituent part. *Morris v. Business Concepts, Inc.*, 283 F.3d 502 (2d Cir. 2002).

In *Morris*, the Plaintiff argued that if a publisher was a "copyright owner" of Plaintiff's articles at the time it registered the issues of the magazine in which they appeared, then those articles are registered for the purposes of § 411(a). *Id.* at 505. The Second Circuit disagreed since it was undisputed that the publisher owned only some of the rights of the Plaintiff's articles at the time it registered the relevant issues of the magazine. *Id.* Therefore, the court held "that unless the copyright owner of a collective work also owns all the rights in a constituent part, a collective work registration will not extend to a constituent part." *Id.* at 506. This is precisely the case here. ICP and Pauline Krystal Music own the copyright to "I Will Sing." They do not however, own all the rights to the constituent part, "Emmanuel." In fact, Mr. Ambrosetti alleges that he is the "owner of the copyright in Emmanuel, is the owner of the exclusive rights to reproduce that song, to distribute copies of that song, to prepare derivative works based upon that song, and to publicly perform that song." [DE 1 ¶ 13]. The registration of "I Will Sing" only provides the privilege of reproducing and distributing the collective work, not the individual, separate contribution of "Emmanuel." 17 U.S.C. § 201(c).

Although a non-binding administrative manual, the Compendium of U.S. Copyright Office Practices ("Compendium") further supports OCP's argument. *See Georgia v. Public.Resource.Org, Inc.*, No. 18-1150, 2020 WL 1978707, at *9 (U.S. Apr. 27, 2020). The Compendium states:

> An applicant may register a collective work together with the separate and independent works contained therein (i) if the copyright in the contributions and the collective work are owned by the same claimant, and (ii) if the component works have not been previously published, previously registered, and are not in the public domain.

§ 618.7 (rev. 3d ed. 2017). *See also* U.S. Copyright Office, Circular 14 (rev. October 2013) ("In the case of a collective work containing "preexisting works"—works that were previously published, previously registered, or in the public domain—the registration will only extend to the selection, coordination or arrangement of those works, not to the preexisting works themselves."). Here, "I Will Sing" and "Emmanuel" are not owned by the same claimant and "Emmanuel" was published prior to its inclusion in "I Will Sing." Therefore, the registration of "I Will Sing" does not extend to its component part "Emmanuel."

Since no registration existed for "Emmanuel" prior to the filing of this action, the Court must now determine what effect the now obtained registration has on the outcome of this motion. The Seventh Circuit has previously addressed this issue and found that a precondition to filing a claim "must be fulfilled before the litigation begins. Satisfaction of the condition while the suit is pending does not avoid the need to start anew." *Brooks-Ngwenya v. Thompson*, 202 F. App'x 125, 127 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106 (1993) (Federal Tort Claims Act, which provides that no action may be instituted until an administrative claim has been made and resolved, requires dismissal of a suit filed before the administrative claim's resolution, even if that step occurs while the suit is pending); *Hallstrom v. Tillamook County*, 493 U.S. 20 (1989) (statutory requirement to wait 60 days after notice before filing suit requires outright dismissal of premature action rather than keeping it inactive on the docket for the 60–day period); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999) (same approach for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)). However, failure to satisfy a condition to litigation does not imply that the plaintiff loses outright. *Brooks-Ngwenya*, 202 F. App'x at 127. "A suit that is premature because a condition to litigation remains unsatisfied must be dismissed without prejudice." *Id.* (citing *Ford v. Johnson*, 362 F.3d 395 (7th

Cir. 2004). Here, since Mr. Ambrosetti has now obtained the registration for "Emmanuel," a new suit may be filed and resolved on the merits. The Court does not see any indication that a fresh copyright suit would be untimely since, as alleged by Mr. Ambrosetti, the potentially infringing use of the song is ongoing and each new reproduction is a fresh wrong, with its own three-year period of limitations. *See* 17 U.S.C. § 507(b).

Recently, the First Circuit agreed with a district court on the deficiency of the complaint when the plaintiff failed to secure a copyright registration prior to filing an infringement action. *Cortes-Ramos v. Martin-Morales*, No. 19-1358, 2020 WL 1847072 (1st Cir. Apr. 13, 2020). However, because the infringement claim was dismissed with prejudice, the case was remanded to determine whether the songwriter should be permitted to supplement his copyright infringement complaint to allege that he complied with the pre-suit copyright registration requirement or alternatively, dismissed without prejudice. *Id.* at *6. Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." This discretion lies squarely with the district court. Several post-*Fourth Estate* courts have found issuance of copyright registration *after* filing the infringement action does not cure the Section 411(a) defect that existed at filing. *See, e.g.*, *Nina Rawls v. Paradise Artists, Inc.*, No. 3:18-cv-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020) (collecting post-*Fourth Estate* district court cases finding issuance of registration after litigation commences did not cure § 411(a) defect, granting motion to dismiss).[2]

---

[2] *See UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint."); *Xclusive-Lee, Inc. v. Hadid*, No. 19-CV-520-PKCCLP, 2019 WL 3281013, at *4 (E.D.N.Y. July 18, 2019) (declining to grant claimant leave to amend complaint involving copyright that had not yet been

     Although amending his complaint was not explicitly motioned by Mr. Ambrosetti, the Court agrees with the district courts above and finds that allowing leave to amend the complaint undermines the Supreme Court's holding of *Fourth Estate*. As the Southern District of New York stated in *Malibu Media* "[l]egal proceedings are *instituted* by the origination of formal proceedings, such as the filing of an initial complaint." 2019 WL 1454317, at *3 (emphasis in original and quotation marks omitted). Accepting an amended complaint as though it "instituted" a new action for purposes of Section 411(a) "would fly in the face of Section 411(a)'s text, which provides that registration must be complete before a civil action is 'instituted,' and would defeat Congress's purpose to 'maintain[ ] registration as prerequisite to *suit*,' not just to liability. *Id.* (internal citations omitted) (emphasis added). Further, allowing Mr. Ambrosetti to amend the complaint in this action would permit an unequitable date of filing in this action, which is relevant to the Oregon Suit. The complaint here was improperly filed prematurely and could not have been filed prior to March 4, 2020, the date the registration of "Emmanuel" was obtained.

     Accordingly, because the collective work registration of "I Will Sing" does not extend to the individual work "Emmanuel" and a registration for "Emmanuel" was not obtained prior to the commencement of this infringement action, Mr. Ambrosetti's complaint is dismissed without prejudice.

### IV. CONCLUSION

---

registered); *Izmo, Inc. v. Roadster, Inc.*, No. 18-CV-06092-NC, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) (denying Plaintiff's attempt to amend complaint to cure its failure to register copyright before suing);7 *Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-CV-1084-ESC, 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019) ("To adopt [plaintiff's] reasoning the Court would have to hold that *Fourth Estate* allows a plaintiff to file a lawsuit before copyright registrations have been awarded and to amend the pleadings after registration is obtained, so long as the effective date (i.e., the date of application) predates the filing of the lawsuit. The Court cannot square this argument with the holding of *Fourth Estate*."); *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019) ("Plaintiff's argument would make a meaningless formality out of *Fourth Estate's* requirement that an application be approved prior to filing suit. Were it correct, a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred.")

For all the foregoing reasons, the Court hereby GRANTS Defendant Oregon Catholic Press' Motion to Dismiss the Complaint without prejudice. [DE 7].

SO ORDERED.

ENTERED: May 7, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court